**Sammy WILSON, Appellant,**

**v.**

**Michael A. McCRACKEN, Appellee.**

**No. B14–85–758CV.**

Court of Appeals of Texas,
Houston (14 Dist.).

July 3, 1986.
Rehearing Denied Aug. 14, 1986.

Kevin Dubose, Houston, for appellant.

Benjamin H. Best, II, Pearland, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

PAUL PRESSLER, Justice.

Appellant started a landscaping service and offered to sell appellee a portion of the business. Appellee invested $15,000 in the incorporated business (Landscaping Specialists, Inc.). Appellee sued appellant for breach of contract and fraud saying that the business was used to wrongfully convert his money. The jury awarded appellee $15,000 in actual damages and $15,000 in exemplary damages and judgment was so entered. We affirm.

Appellant brings two points of error. In his first, he argues that there was a lack of conformity between the pleadings, verdict, and judgment on the issue of exemplary damages.

█ Texas law requires a judgment to conform to the pleadings and the verdict. Tex.R.Civ.P. 301. A party is limited to recovery upon the precise theory of recovery stated in his pleadings. *Crozier v. Horne Children Maintenance*, 597 S.W.2d 418 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.). In his pleadings, appellee requested exemplary damages because:

> the wrong done and committed by Defendant ... constitutes breaches of the fiduciary duties owed by him to Plaintiff; said wrongs were and continue to exhibit the kind of willfullness, wantonness, and malice for which the law allows ... the imposition of exemplary damages.

█ Appellant contends: 1) the plea for exemplary damages was based on "breaches of the fiduciary duties"; 2) the award of exemplary damages was based on answers to special issues setting forth the elements of fraud; 3) there were no special issues as to "breaches of the fiduciary duties"; therefore, 4) the trial court erred in entering judgment for exemplary damages because the judgment was based on a theory of recovery (i.e. fraud) not set forth in the pleadings.

Appellee is not limited to the particular theory of recovery set forth in the paragraph requesting exemplary damages. Tex.R.Civ.P. 301 and the cases appellant cites refer merely to "pleadings." We must view appellee's pleadings as a whole rather than considering only one paragraph. In other portions of his petition appellee plead both breach of contract and fraud as theories of recovery. Therefore, it was proper for the jury to make findings as to exemplary damages based on the elements of fraud. The special issues answered by the jury set forth the separate tort of fraud sufficiently for exemplary damages to be properly granted. *Morgan v. Arnold*, 441 S.W.2d 897 (Tex.Civ.App.— Dallas 1969, writ ref'd n.r.e.). The judgment of the trial court was in conformity with the pleadings and the verdict. The first point of error is overruled.

█ In his second point of error, appellant contends that this court erred in denying his motion for extension of time to file a statement of facts.

The judgment in this case was signed on June 24, 1985. In order to present a statement of facts on appeal, appellant was required to make a written request to the official reporter ninety days after the judgment was signed which was September 22. Tex.R.Civ.P. 356 and 377. Appellant did not request such until October 7. This court overruled appellant's Motion for Extension of Time to File Statement of Facts.

Appellant argues that under Tex.R.Civ.P. 21c(1), he is entitled to a fifteen-day grace period after the expiration of the ninety days in which to obtain an extension of time for late filing of the statement of facts. Rule 21c(1) does not, however, give appellant *a right* to file a statement of facts after the original ninety days has expired. The rule says that an extension of time *may* be granted when a motion "reasonably explaining" the need for the late filing is submitted. Appellant has not shown that his failure to file within the ninety days was the result of inadvertence, mistake, or mischance. *See Stieler v. Stieler*, 537 S.W.2d 954 (Tex.Civ.App.— Austin 1976, writ ref'd n.r.e.). He merely says that after ninety days had expired, he

met with a different attorney who gave him different advice concerning the merits of an appeal. We do not accept appellant's explanation as sufficient cause for a late filing of the statement of facts. The second point of error is overruled.

The judgment of the trial court is affirmed.