**Johnny CARROLL, Individually and as Trustee of the Johnny Carroll Trust, Appellant,**

v.

**Letha Frances CARROLL and Donald Carroll, Appellees.**

No. 10–07–00006–CV.

Court of Appeals of Texas, Waco.

June 11, 2008.

Patrick G. Barkman, Cleburne, for Appellant/Relator.

Bennett B. Aufill, III, Hillsboro, S. Clinton Nix, Bradbury, Nix & Fowlkes LLP, Abilene, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## CORRECTED[1] MEMORANDUM OPINION

FELIPE REYNA, Justice.

Johnny Carroll, Individually and as Trustee of the Johnny Carroll Trust, brings this appeal from a default judgment rendered in favor of Letha Frances Carroll

---

1. We issue this corrected memorandum opinion in place of the Court's original memorandum opinion dated May 14, 2008 to correctly identify the trial court.

and Donald Carroll. Johnny contends in five issues that: (1) the court erred by failing to grant his motion for new trial because he did not receive proper notice of the trial setting; (2) the court's award of exemplary damages is not supported by the pleadings or the evidence; (3) the court's finding of fraud is not supported by the pleadings or the evidence; (4) the evidence is factually insufficient to prove actual damages; and (5) Donald had no authority to seek damages on Letha's behalf. We will modify the judgment by deleting the award of exemplary damages and affirm the judgment as modified.

## Background

The Johnny Carroll Trust was created for the benefit of Letha (Johnny's mother) after her husband Ray's death. Letha and Donald (Johnny's brother) filed this suit alleging that Johnny had breached his fiduciary duty as trustee by failing to provide an accounting, by self-dealing, by allowing the waste of trust assets, and by failing to file income tax returns. They requested that the court remove Johnny as trustee and award damages for his alleged misconduct.

The court removed Johnny from his position as trustee by partial summary judgment. In its final judgment signed October 3, 2006, the court awarded Letha and Donald $1 million in actual damages, $15,000 in attorney's fees, and $2.8 million in exemplary damages.

Johnny filed a motion for new trial on January 5, 2007 alleging: (1) he did not receive notice of the October 3 trial setting; (2) he did not receive notice of the default judgment until December 4; (3) there is no evidence to support the amount of actual or exemplary damages awarded;

and (4) Letha "did not consent to the trial or the judgment." Johnny filed an amended motion two days later which contains the same allegations but further alleges that the judgment is against the overwhelming weight of the evidence and is excessive. The amended motion is also supported by Johnny's affidavit and Letha's affidavit. Johnny filed his notice of appeal on January 8.

The court conducted a hearing on Johnny's motion for new trial on March 7, 2007 but allowed the motion to be overruled by operation of law.

## Finality of Judgment

An issue not raised by the parties is whether the judgment is a final judgment. We raise the issue because, the day after the court signed the judgment, the court signed an order setting a hearing on Letha's and Donald's motion for contempt which they filed because of Johnny's failure to appear for a deposition.

▆▆▆ With some exceptions not here applicable, this Court has jurisdiction over an appeal from only a final judgment.[2] *Sanders v. City of Grapevine*, 218 S.W.3d 772, 776 (Tex.App.-Fort Worth 2007, pet. denied); *N.P. v. Methodist Hosp.*, 190 S.W.3d 217, 225 (Tex.App.-Houston [1st Dist.] 2006, pet. denied); *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001) (generally, "an appeal may be taken only from a final judgment"). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record." *Lehmann*, 39 S.W.3d at 195; *see also N.P.*, 190 S.W.3d at 225. Because this issue affects this Court's jurisdiction, we may address it *sua sponte*. *See N.P.*, 190 S.W.3d at 225;

---

**2.** This Court also has jurisdiction over certain appeals from interlocutory orders, but only when explicitly provided by statute. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex.2007).

*Tanner v. Karnavas,* 86 S.W.3d 737, 743–44 & n. 3 (Tex.App.-Dallas 2002, pet. denied).

▬▬ The procedural posture of this case is very similar to that presented to the Dallas Court of Appeals in *Mantri v. Bergman,* 153 S.W.3d 715 (Tex.App.-Dallas 2005, pet. denied). There, the court considered the effect of a pending motion for sanctions on the finality of a judgment.

> Unlike a pending cause of action, a pending motion for sanctions does not make interlocutory an otherwise-final judgment. If a motion for sanctions is pending when a final judgment is signed, the trial court has until the expiration of its plenary power, 30 to 105 days, to enter an order on the motion or it loses jurisdiction to do so. When a motion for sanctions is filed following the entry of a final judgment, the motion is treated as a motion to modify, correct, or reform the existing judgment within the meaning of rule of civil procedure 329b(g).

*Mantri,* 153 S.W.3d at 717–18 (citations omitted).

▬▬ The Dallas Court has previously explained that a judgment is final when it disposes of all the parties and claims raised by the "pleadings." *Jobe v. Lapidus,* 874 S.W.2d 764, 765 (Tex.App.-Dallas 1994, writ denied); *accord In re Velte,* 140 S.W.3d 709, 711 (Tex.App.-Austin 2004, orig. proceeding). However, "[a] motion is not at the same level as a pleading," and "[a] trial court's failure to rule on a motion has no bearing on the finality of a judgment." *Jobe,* 874 S.W.2d at 765–66; *accord Velte,* 140 S.W.3d at 711.

▬▬ The same principles apply here. Letha's and Donald's pending motion for contempt did not make the trial court's judgment interlocutory. *See Lane Bank Equip. Co. v. Smith S. Equip., Inc.,* 10 S.W.3d 308, 312 (Tex.2000); *Mantri,* 153 S.W.3d at 717–18. Rather, the trial court had only until the expiration of its plenary power to rule on the motion. Because the court did not rule on the motion, it lost jurisdiction to do so thirty days after the judgment. And therefore, because the judgment is final, we have jurisdiction over this appeal. *See Lehmann,* 39 S.W.3d at 195 *Sanders,* 218 S.W.3d at 776; *N.P.,* 190 S.W.3d at 225.

### Scope of Appeal

At the hearing on the motion for new trial, Johnny invoked Rule of Civil Procedure 306a. That rule provides in pertinent part:

> If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

TEX.R. CIV. P. 306a(4). The movant bears the burden of proving: (1) the date he or his counsel first received notice or acquired actual knowledge of the judgment; and (2) that this date was more than twenty days after the judgment was signed. *Id.* 306a(5).

▬▬ The court heard conflicting testimony on the issue of whether Johnny received notice on December 4 or within twenty days after judgment. Because the court allowed the motion to be overruled by operation of law, the court impliedly refused to find that Johnny received notice

more than twenty days after the judgment was signed.[3] *See In re Estate of Wilson,* 252 S.W.3d 708, 710 n. 2 (Tex.App.-Texarkana 2008, no pet. h.); *see also Gee v. Lewisville Mem'l Hosp., Inc.,* 849 S.W.2d 458, 460 (Tex.App.-Fort Worth 1993, writ denied) (discussing trial court's implied finding that hospital did not receive notice of judgment until more than twenty days after judgment). Thus, Johnny's motion for new trial was untimely. *See Wilson,* 252 S.W.3d at 710 n. 2.

Because Johnny did not file a timely postjudgment motion, this is a restricted appeal under Rule of Appellate Procedure 30, which provides:

> A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c). Restricted appeals replace writ of error appeals to the court of appeals. Statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals.

TEX.R.APP. P. 30.

Notice of appeal in a restricted appeal must be filed within six months after the date the judgment is signed. TEX. CIV. PRAC. & REM.CODE ANN. § 51.013 (Vernon 1997); TEX.R.APP. P. 26.1(c). Johnny's notice of appeal is timely because it was filed a little more than three months after the judgment was signed.

It is undisputed that Johnny did not participate in the trial which resulted in the default judgment against him. Therefore, the only issue for consideration is whether there are any errors apparent on the face of the record. *Hubicki v. Festina,* 226 S.W.3d 405, 407 (Tex.2007) (per curiam).

The "record" for purposes of a restricted appeal is generally defined as the reporter's record and all papers on file with the trial court clerk before final judgment. *See Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848–49 (Tex.2004) (quoting *Gen. Elec. Co. v. Falcon Ridge Apartments,* 811 S.W.2d 942, 944 (Tex. 1991)); *Wilson,* 252 S.W.3d at 711; *Cordero v. Am. Home Assurance Co.,* 281 S.W.3d 13, 15 (Tex.App.-El Paso 2005, no pet.). As the Supreme Court has explained, the appropriate avenue for the inclusion of additional evidence is by motion for new trial or the filing of an equitable bill of review. *Alexander,* 134 S.W.3d at 848 (citing *Gen. Elec.,* 811 S.W.2d at 944).

Although the "record" in a restricted appeal has generally been described as including only those matters made part of the trial record before final judgment, we presume from the Supreme Court's reference to a motion for new trial in *Alexander* and *General Electric* that evidence admitted pursuant to a motion for new trial made timely by an appropriate finding under Rule 306a could also be included in such a record.[4] *See id.*

---

**3.** Johnny does not challenge the trial court's implied refusal to find that he received notice more than twenty days after the judgment was signed. *See In re Estate of Wilson,* 252 S.W.3d 708, 711 (Tex.App.-Texarkana 2008, no pet. h.).

**4.** We refer here only to motions for new trial made timely under Rule 306a because, if the party complaining of the judgment filed a motion for new trial within 30 days after judgment, such party would pursue a direct appeal rather than a restricted appeal. *See* TEX.R.APP P. 30 (restricted appeal available only to a party "who did not timely file a

■ Here, Johnny relies in part on the testimony he offered at the hearing on his motion for new trial. However, because his motion was untimely and because he does not challenge the court's implied refusal to find that he received notice more than twenty days after the judgment was signed, this testimony should be treated no differently than the affidavit of counsel in *Alexander* which counsel filed directly with the Supreme Court and which the Supreme Court refused to consider. *See Alexander*, 134 S.W.3d at 848. Therefore, we will not consider Johnny's testimony in this restricted appeal.

## Letha's Appellate Points

■ Although the judgment appears to have been rendered in Letha's favor,[5] she presents six points of error in her appellate brief[6] and requests reversal of the judgment. However, Letha did not file a notice of appeal.

"A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal." Tex.R.App. P. 25.1(c). Because Letha did not file a notice of appeal, she has not invoked this Court's jurisdiction to address her points of error. *See City of Houston v. Boyle*, 148 S.W.3d 171, 175 n. 5 (Tex.App.-Hous-

ton [1st Dist.] 2004, no pet.); *Gore v. Scotland Golf, Inc.*, 136 S.W.3d 26, 34 (Tex. App.-San Antonio 2003, pet. denied). Therefore, we dismiss her points for want of jurisdiction. *See Krumnow v. Krumnow*, 174 S.W.3d 820, 826 (Tex.App.-Waco 2005, pet. denied).

## Notice of Trial Setting

■ Johnny contends in his first issue that the court abused its discretion by failing to grant his motion for new trial because he did not receive proper notice of the trial setting. We have already determined that Johnny's motion for new trial was untimely. Nevertheless, we will address the subsidiary issue presented, namely, whether it is apparent from the face of the record that Johnny did not receive proper notice of the trial setting. *See* Tex.R.App. P. 38.1(e) ("The statement of an issue or point will be treated as covering every subsidiary question that is fairly included.").

The record is silent regarding whether proper notice was provided to Johnny. When the record is silent on this issue, "there is no error apparent on the face of the record." *Alexander*, 134 S.W.3d at 849 (citing *Gen. Elec.*, 811 S.W.2d at 943–44).

postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a)"). While it would be theoretically possible for a party to file a motion for new trial made timely under Rule 306a and pursue a direct appeal, such party would still be limited to a restricted appeal if that party did not file a notice of appeal within 90 days after the judgment. *Id.* 26.1(a) (notice of appeal must filed within 90 days after judgment if party timely files a post-judgment motion).

5. At trial, the same counsel who represents Donald in this appeal appeared before the trial court as Donald's counsel and as attorney-in-fact for Letha pursuant to a power of attorney. We are given no explanation re-

garding why Letha is represented by different counsel on appeal.

6. Letha's six points are: (1) the court erred in awarding a default judgment without proper notice to Letha or Johnny; (2) the court abused its discretion by denying Johnny's motion for new trial; (3) the court erred by denying Johnny's right to a jury trial pursuant to his jury demand; (4) the court erred in awarding exemplary damages in excess of the amount permitted by section 41.008 of the Civil Practice and Remedies Code; (5) the court erred in awarding actual damages "on the presumed mismanagement of assumed trust property"; and (6) the court erred in awarding attorney's fees to Donald's counsel.

Accordingly, we overrule Johnny's first issue.

## Donald's Authority

 Johnny contends in his fifth issue that Donald had no authority to seek damages on Letha's behalf. This is a challenge to Donald's capacity to sue on Letha's behalf. *See Austin Nursing Ctr., Inc. v. Lovato,* 171 S.W.3d 845, 849 (Tex. 2005).

 Under Rule of Civil Procedure 93(1), a challenge to a plaintiff's capacity to sue must be raised in the trial court by verified pleading. TEX.R. CIV. P. 93(1); *Austin Nursing Ctr.,* 171 S.W.3d at 849; *Sixth RMA Partners, L.P. v. Sibley,* 111 S.W.3d 46, 56 (Tex.2003). Such a complaint may not be raised for the first time on appeal. *See Sixth RMA Partners,* 111 S.W.3d at 56; *HCRA of Tex., Inc. v. Johnston,* 178 S.W.3d 861, 866 (Tex.App.-Fort Worth 2005, no pet.).

Because Johnny did not challenge Donald's capacity to sue on Letha's behalf in the trial court, he did not preserve this issue for appellate review. *Id.* Accordingly, Johnny's fifth issue is overruled.

## Validity of Trust

 Johnny contends in his fourth issue that there is factually insufficient evidence to support the court's award of actual damages because Donald and Letha failed to establish the existence of a valid trust.[7] Johnny's primary complaint in this regard appears to be that Donald and Letha failed to adequately identify the property subject to the trust. We construe this as an assertion that: (1) the evidence is factually insufficient to overcome the statute of frauds; and (2) the

evidence is factually insufficient to establish what property is subject to the trust.

When considering a factual sufficiency challenge ... regarding an issue on which the appellant did not have the burden of proof, we must consider and weigh all of the evidence, not just the evidence that supports the verdict. We may not pass upon the witnesses' credibility or substitute our judgment for that of the [factfinder], even if the evidence would clearly support a different result. We will set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and unjust. Reversal can occur because the finding was based on weak or insufficient evidence or because the proponent's proof, although adequate if taken alone, is overwhelmed by the opponent's contrary proof.

*Bossier Chrysler–Dodge II, Inc. v. Riley,* 221 S.W.3d 749, 753 (Tex.App.-Waco 2007, pet. denied) (quoting *Checker Bag Co. v. Washington,* 27 S.W.3d 625, 633 (Tex.App.-Waco 2000, pet. denied)). "The amount of evidence necessary to affirm a judgment is far less than that necessary to reverse a judgment." *Id.* (quoting *Pulley v. Milberger,* 198 S.W.3d 418, 427 (Tex.App.-Dallas 2006, pet. denied); *Huynh v. Nguyen,* 180 S.W.3d 608, 615 (Tex.App.-Houston [14th Dist.] 2005, no pet.)).

 To prove the existence of an express trust, a plaintiff must show the existence of the intended trust property, object, and beneficiary with reasonable certainty. *See Perfect Union Lodge No. 10 v. Interfirst Bank of San Antonio, N.A.,* 748 S.W.2d 218, 220 (Tex.1988); *Pickelner v. Adler,* 229 S.W.3d 516, 526 (Tex.App.-Houston [1st Dist.] 2007, pet.

---

**7.** Legal and factual insufficiency claims may be raised in a restricted appeal. *Norman Communications v. Tex. Eastman Co.,* 955

S.W.2d 269, 270 (Tex.1997) (per curiam); *Whitaker v. Rose,* 218 S.W.3d 216, 220 (Tex. App.-Houston [14th Dist.] 2007, no pet.).

denied); *In re Estate of Berger,* 174 S.W.3d 845, 848 (Tex.App.-Waco 2005, no pet.).

> The requirement of certainty in the material terms of the declaration of trust extends to, and includes, the subject matter or property embraced in the trust. It has been held that the property must be identified with as much certainty as is required in a deed of conveyance, and that it must be sufficiently designated or identified to enable title thereto to pass to the trustee.

*Kurtz v. Robinson,* 279 S.W.2d 949, 952 (Tex.Civ.App.-Amarillo 1955, writ ref'd n.r.e.) (quoting 89 C.J.S. *Trusts* § 45(b) (1955)); *accord* 90 C.J.S. *Trusts* § 45 (2002).

Thus, the Texas Trust Code contains a statute of frauds applicable to the creation of a "trust in either real or personal property," which provides that such a trust "is enforceable only if there is written evidence of the trust's terms bearing the signature of the settlor or the settlor's authorized agent." TEX. PROP.CODE ANN. § 112.004 (Vernon 2007).

■ The statute of frauds is an affirmative defense under Rule of Civil Procedure 94. *See* TEX.R. CIV. P. 94; *First Nat'l Bank in Dallas v. Zimmerman,* 442 S.W.2d 674, 676–77 (Tex.1969); *Santa Fe Petroleum, L.L.C. v. Star Canyon Corp.,* 156 S.W.3d 630, 641 (Tex.App.-Tyler 2004, no pet.); *Nicol v. Gonzales,* 127 S.W.3d 390, 393 (Tex.App.-Dallas 2004, no pet.). As such, it must be affirmatively pleaded, or a party forfeits the right to assert it. *Id.* And this rule of forfeiture applies even to a deed which allegedly contains an insufficient description of the property to

be conveyed. *See First Nat'l Bank,* 442 S.W.2d at 676; *Nicol,* 127 S.W.3d at 393.

Here, Johnny pleaded only a general denial. Therefore, he has forfeited the right to complain that Donald and Letha failed to provide factually sufficient evidence to satisfy the statute of frauds. *See First Nat'l Bank,* 442 S.W.2d at 677; *Santa Fe Petroleum,* 156 S.W.3d at 641; *Nicol,* 127 S.W.3d at 393.

During Donald's testimony, Donald and Letha offered in evidence a financial statement prepared by the Carroll family's CPA which shows that in July 1989, after all the debts and expenses had been paid in connection with the probate of Ray Carroll's estate, "the net value of [his] parents" (*i.e.,* the net value of the assets owned by Letha and by Ray's estate) was $1,470,902. This report lists $1,823,920 in assets, including:

- $72,720 in cash on deposit in eight different accounts;
- $61,853 in two IRA's;
- $1,066,481 in numerous receivables;
- $53,283 in various stocks and mutual funds;
- $15,000 in a closely-held corporation;
- $475,083 in numerous tracts of real property (each separately listed with a general description (*e.g.,* "Block 29, Lot 8, City of Whitney")); and
- $79,500 in miscellaneous personal property.

The report also identifies $353,018 in liabilities, resulting in a net value of $1,470,902.

Donald testified that, because of Johnny's mishandling of the trust corpus, the only properties remaining "in the estate or trust" are "a few properties" in Hill County worth approximately $20,000, a tract of real estate in Bosque County,[8] and "some undivided mineral interests."

---

**8.** We presume that Donald here referred to a 40–acre tract in Bosque County which the

CPA's July 1989 report valued at $35,000.

According to Donald, the loss of assets was primarily due to Johnny's mishandling of the trust corpus but also in part because of Letha's mishandling of some assets. For example, Letha obtained a home equity loan secured by the family home in Whitney, which was subsequently foreclosed on due to default.[9] Johnny failed to pay the ad valorem taxes due on several other properties in Whitney, and they were foreclosed on. And Johnny invested approximately $100,000 in a business venture in Russia which yielded no return and approximately $14,000 in a lumber business which yielded no return.[10]

Donald's testimony fell far short of conclusively establishing what specific properties were subject to the trust he created with his mother and brother in 1987. Nevertheless, his testimony and the supporting documentary evidence constitute probative evidence that the trust was funded with assets worth approximately $1.8 million and that the trust properties remaining at the time of trial were worth less than $100,000.

Therefore, we cannot say that the court's award of actual damages is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Bossier Chrysler–Dodge,* 221 S.W.3d at 753. Accordingly, we overrule Johnny's fourth issue.

### Fraud Finding

■ Johnny contends in his third issue that the court's finding of fraud is not supported by the pleadings or the evidence.

■ As with any other civil judgment, a default judgment must be supported by the pleadings. TEX.R. CIV. P. 301; *Stoner v. Thompson,* 578 S.W.2d 679, 682 (Tex.1979); *Binder v. Joe,* 193 S.W.3d 29, 32 (Tex.App.-Houston [1st Dist.] 2006, no pet.). A judgment which grants relief not sought in the pleadings is erroneous absent a trial by consent. *See Stoner,* 578 S.W.2d at 682; *Binder,* 193 S.W.3d at 32. We review the pleadings as a whole to determine whether the judgment conforms to them. *Raymond v. Raymond,* 190 S.W.3d 77, 83 (Tex.App.-Houston [1st Dist.] 2005, no pet.); *Wilson v. McCracken,* 713 S.W.2d 394, 395 (Tex.App.-Houston [14th Dist.] 1986, no writ).

The Plaintiffs' Original Petition does not use the term "fraud" or "defrauded." It identifies four specific ways in which Johnny failed to comply with his duties as trustee, namely: (1) never provided an accounting; (2) engaged in self-dealing; (3) allowed waste to occur; and (4) failed to file federal income tax returns. The prayer for relief requests among other things: (1) removal of Johnny and substitution of Donald as trustee; (2) that Johnny be "ordered to provide a thorough and complete accounting"; (3) that Johnny be ordered to turn over all books and records of the trust; (4) that Donald and Letha "recover all damages for loss of property and for assets of the Trust due to [Johnny's] breach of his fiduciary duty"; and (5) attorney's fees.

After the court pronounced judgment in Donald's and Letha's favor, the court announced, "The Court will find that this judgment—or these matters were procured by fraud and will order that that be

---

9. The family home is identified in the financial statement as Block 32, Lots 4–5, City of Whitney, and was valued in 1989 at $60,000.

10. These failed investments occurred sometime before 1995 because, as Donald ex-

plained, Johnny had failed to provide "any type of accounting" and Donald had been able to gather only a limited amount of records up to 1995.

a part of the Court's judgment in order to see to it that certain bankruptcy issues may not be allowed to or used to discharge this debt." [11] Before that moment, the term "fraud" had not been used in these proceedings.

Donald's and Letha's petition asserts a claim for breach of fiduciary duty. It does not allege a fraud claim. Therefore, the court's oral pronouncement that Johnny committed fraud is erroneous because it is not supported by the pleadings. *Stoner*, 578 S.W.2d at 682; *Binder*, 193 S.W.3d at 32. Accordingly, we sustain Johnny's third issue.

## Exemplary Damages

 Johnny contends in his second issue that the court's award of exemplary damages is not supported by the pleadings or the evidence.

Donald cites Chapter 41 of the Civil Practice and Remedies Code as the legal basis for the court's award of exemplary damages. Section 41.003(a) provides in pertinent part, "exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence." TEX. CIV. PRAC. & REM. CODE ANN. § 41.003(a) (Vernon Supp.2007).

We have already determined that Donald and Letha did not allege a fraud claim in their petition. Nor did they allege malice or gross negligence. Thus, the court's award of exemplary damages is not supported by the pleadings. *See Stoner*, 578 S.W.2d at 682; *Binder*, 193 S.W.3d at 32. Accordingly, we sustain Johnny's second issue.

## Conclusion

Donald and Letha presented factually sufficient evidence to support the court's award of $1 million in actual damages. However, their pleadings do not support the court's oral finding of fraud or its award of exemplary damages. Therefore, we modify the judgment by deleting the award of exemplary damages and affirm the judgment as modified.

Chief Justice GRAY dissents. A separate opinion will not issue.

---

11. Notwithstanding the court's insistence that a fraud finding be included in the judgment, the written judgment contains no such finding. Nevertheless, Donald refers to this finding in his brief as one of the justifications for the court's award of exemplary damages.