Affirmed and Memorandum Opinion filed March 24, 2009








 Affirmed and Memorandum Opinion filed March 24, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00020-CV

_______________

 

JASMINET C. PATHAK, Appellant

 

v.

 

HARRIS COUNTY HOSPITAL DISTRICT, Appellee

                                                                                                                                               


On Appeal from the 157th District Court

Harris County, Texas

Trial Court Cause No. 2006-45407

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant, Jasminet C. Pathak (APathak@), sued the Harris County Hospital
District (Athe District@) asserting wrongful termination of employment and
intentional infliction of emotional distress.  The District filed a hybrid
motion for summary judgment which was granted by the trial court[1]. 
On appeal, Pathak claims the trial court erred in granting the District=s motion for summary judgment.  We
affirm.








 

Background

 

Jasminet Pathak was hired by the
District in 2001 as a health educator.  In 2005, she apparently sustained a
back injury while moving some boxes at work.  As a result, she took a leave of
absence for several weeks and ultimately filed a claim under the District=s worker=s compensation policy.  After
returning to work, she made various complaints about paperwork delays in  the
District=s worker=s compensation process and a lack of
adequate accommodation of her physical limitations.  She resigned in July of
2006.

Pathak filed suit against the
District, her former employer, on July 24, 2006.  In her original petition, she
asserted causes of action for constructive discharge in retaliation for filing
a workers= compensation claim (the Aretaliation claim@) and a related claim of intentional
infliction of emotional distress.  On October 3, 2007, the District filed a
hybrid motion for summary judgment on the claims raised in the petition.  

Pathak responded to the District=s motion in two principal ways. 
First, in her summary judgment response, she raised new and unpleaded causes of
action including claims for national origin, gender and disability
discrimination (sometimes collectively referred to as the Adiscrimination claims@).  Second, she separately filed some
150 pages of documents, including several affidavits, although largely without
explanation.    

The District objected to Pathak=s unpleaded causes of action, and the
trial court otherwise granted summary judgment as to all claims.  On appeal,
Pathak essentially contends that her response was sufficient to preclude
summary judgment on behalf of the District.

Analysis 

Standard of Review








We review the trial court=s summary judgment de novo.  Provident Life
& Acc. Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  When a party moves for
summary judgment on both traditional and no-evidence grounds and the trial
court does not specify which it granted, we may uphold the summary judgment on
either ground.  See Taylor v. Carley, 158 S.W.3d 1, 8 (Tex. App.CHouston [14th Dist.] 2004, pet.
denied).

Pathak does not appeal the summary
judgment as to the intentional infliction of emotional distress claim.  She
appeals only the dismissal of the retaliation claim and the unpleaded
discrimination claims.  We, therefore, limit our discussion only to those issues
properly presented for review.  See San Jacinto River Auth. v. Duke, 783 S.W.2d 209, 209B10 (Tex. 1990).  

Although she does not identify
specific issues presented for review other than in a narrative discussion,
Pathak does claim that she Aoffered evidence@ or Aoffered prima facie evidence@ adequately supporting her claims in
response to the summary judgment motion.  We will assume, without deciding,
that these statements are adequate to present issues for review as to whether 
Pathak=s response raised a genuine issue as
to any material fact in the face of the District=s hybrid motion.[2] 
See Tex. R. App. P. 38.9 (requiring liberal construction of briefing
requirements).

The Discrimination Claims 

In her summary judgment response,
Pathak alleged, for the first time, claims for national origin discrimination,
gender discrimination, and violations of the Americans with Disabilities Act.  However, the record indicates that Pathak made
no attempt to amend her pleadings to include the new claims.  Because Pathak
was limited to the  theory of recovery stated in her pleadings, the claims raised only by way of the summary
judgment response were not properly before the trial court.  See Tex. R.
Civ. P. 301; Wilson v.
McCracken, 713 S.W.2d 394, 395 (Tex. App.CHouston [14th
Dist.] 1986, no writ).  








 The Texas Supreme Court has
recognized that unpleaded claims or defenses may be tried by express or implied
consent of the parties.  See Goodyear Tire & Rubber Co. v. Mayes, 236
S.W.3d 754, 756 n.1 (Tex. 2007) (per curiam) (citing Roark v. Stallworth Oil
& Gas, Inc., 813 S.W.2d 492, 495 (Tex. 1991)).  Claims that are tried
by consent are treated as if they had been raised by the pleadings.  Tex. R.
Civ. P. 67.  When new claims are asserted in a non-movant=s summary judgment response, the
movant has two options: (1) object that the claims have not been pleaded; or
(2) respond on the merits and try the issue by consent.  See Via Net v. TIG
Ins. Co., 211 S.W.3d 310, 313 (Tex. 2006) (holding applicability of the
discovery rule properly before the court when it was raised in the summary
judgment response and not included in the pleadings).  

In its written reply, the District
expressly objected to the claims asserted in Pathak=s response.  Thus, we conclude these
claims were not tried by consent.  See id.  Accordingly, the trial court
did not err in granting summary judgment on these unpleaded claims.  See Pickelner v. Adler, 229 S.W.3d 516,
523 (Tex. App.CHouston [1st Dist.] 2007, pet. denied).The Retaliation Claim

Pathak also argues the trial court
improperly granted summary judgment for the District because she produced
sufficient evidence to establish a prima facie case of retaliation under
the Workers= Compensation Act.  See Tex. Lab. Code Ann. '' 451.001B.003 (Vernon 2006);  Cont=l Coffee Prod. Co.
v. Cazarez, 937 S.W.2d 444, 450B51 (Tex. 1996).  The Act prohibits employers from discharging or discriminating against an
employee because the employee has filed a workers= compensation
claim in good faith.  Tex. Lab. Code Ann. ' 451.001(1). 








To prevail on a retaliatory discharge
claim under section 451.001(1), the employee has a threshold burden of
demonstrating a causal link between the discharge and the filing of the claim
for workers= compensation benefits.[3]  See Tex.
Lab. Code Ann. ' 451.002(c); Cont=l Coffee Prod. Co., 937 S.W.2d at 450.  In other
words, the employee must show that absent her protected conduct, the discharge
would not have occurred when it did.  Haggar Clothing Co. v. Hernandez,
164 S.W.3d 386, 388 (Tex. 2005).

Accordingly, in response to the
District=s no-evidence summary judgment
motion, Pathak had the burden of producing more than a scintilla of probative
evidence in order to raise a genuine issue of material fact.  See Tex. R. Civ. P. 166a(i); Alaniz
v. Rebello Food & Beverage, L.L.C., 165 S.W.3d 7, 12 (Tex. App.CHouston [14th Dist.] 2005, no
pet.).   In determining whether Pathak has raised more than a scintilla of
evidence in support of her claim, we are limited to the summary judgment proof
produced in the response.  See DeGrate v. Executive Imprints, Inc., 261
S.W.3d 402, 408 (Tex. App.CTyler 2008, no pet.).  When presenting summary judgment
evidence in response to a no-evidence motion, a party must specifically
identify the supporting proof that it seeks to have considered by the trial
court.  See id.; San Saba Energy, L.P. v. Crawford, 171 S.W.3d
323, 330 (Tex. App.CHouston [14th Dist.] 2005, no pet.)

Pathak=s response merely raised new causes
of action and did not materially discuss the retaliation claim.  While she
filed over 150 pages of documents, apparently to support her response, she
failed to direct the court=s attention in any meaningful way to specific and competent
evidence that would defeat the District=s entitlement to summary judgment. 
Neither this court nor the trial court is required to wade through a voluminous
record to marshal a respondent=s proof for her.  Arredondo v. Rodriguez, 198 S.W.3d
236, 238 (Tex. App.CSan Antonio 2006, no pet.) (citing Rogers v. Ricane
Enters., Inc., 772 S.W.2d 76, 81 (Tex. 1989)). 








Because Pathak=s summary judgment response failed to
identify specific and competent summary judgment evidence supporting the
retaliation claim,  she did not raise a fact issue sufficient to defeat the
District=s no-evidence motion.  See id. at
239.  Therefore, we conclude the trial court did not err in granting summary
judgment in favor of the District as to the retaliatory discharge claim.[4]

 

Conclusion

Finding no error in the appellate
record, we affirm.  

 

 

 

/s/        Kent C. Sullivan

Justice

 

Panel
consists of Justices Yates, Guzman, and Sullivan. 









[1]           The Honorable Randy Wilson of the 157th
District Court of Harris County.





[2]           It is noteworthy that Pathak does not take issue with the
adequacy of the District=s traditional or no-evidence
motions and, in her brief, implicitly concedes that she is properly subject to
summary judgment in the absence of an adequate response supported by competent
summary judgment evidence.  See Tex. R. Civ. P. 166a(i).





[3]           While the District=s motion is somewhat opaque, it does raise a
no-evidence issue at least as to the  causation element of Pathak=s retaliation claim.    





[4]           Because we conclude that the trial court
could properly grant the District=s
no-evidence motion for summary judgment on the retaliatory discharge claim, we
need not more specifically address its traditional motion for summary
judgment.  See
Taylor, 158 S.W.3d
at 8.