**Johnny CARROLL, Individually and as Trustee of The Johnny Carroll Trust, Petitioner,**

v.

**Letha Frances CARROLL and Donald Carroll, Respondents.**

No. 08–0644.

Supreme Court of Texas.

Jan. 15, 2010.

Johnny Carroll, Whitney, pro se.

William Brent Shellhorse, Whitaker Chalk Swindle & Sawyer, L.L.P., Fort Worth, TX, Patrick Gordon Barkman, Cleburne, TX, for petitioner.

Bennett Brantley Aufill, Hillsboro, TX, S. Clinton Nix, Bradbury & Nix, Abilene, TX, for respondents.

PER CURIAM.

In this case, the 66th District Court of Hill County transferred a suit seeking the removal of a trustee and other relief to the county court at law. When the suit was filed, the Texas Property Code provided that district courts have original and exclusive jurisdiction over all proceedings concerning trusts, including proceedings to appoint or remove a trustee, determine the liability of a trustee, or require an accounting by a trustee. Act of May 26, 1997, 75th Leg., R.S., ch. 1375, § 5, 1997 Tex. Gen. Laws 5162, 5163 (amended 2005 and 2007) (current version at TEX. PROP. CODE § 115.001(a)). Because the Texas Property Code vests exclusive jurisdiction over the claims in this case in the district court, we hold that the county court at law had no jurisdiction to grant the relief sought and the judgment it rendered was void.

Letha and Ray Carroll were the parents of Johnny and Donald. Ray Carroll died in 1987, leaving an irrevocable testamentary trust called the Johnny Carroll Trust. Ray named Johnny as the trustee and Letha as the beneficiary of the trust. In

November 2005, Donald and Letha sued Johnny, individually and as trustee, in the 66th District Court of Hill County.[1] They alleged that Johnny failed to provide an accounting, engaged in self-dealing, wasted trust assets, and failed to file income tax returns. Donald and Letha requested that the court order an accounting, remove Johnny as trustee, and award damages for his alleged misconduct.

In February 2006, the case was transferred to the Hill County Court at Law. By partial summary judgment that court removed Johnny as trustee, ordered him to provide an accounting, and ordered the trust records to be turned over to Donald, the successor trustee. In a final default judgment signed October 3, 2006, the county court awarded Donald and Letha $1 million for breach of fiduciary duty, $2.8 million in exemplary damages, and $15,000 in attorney's fees. Johnny filed a motion for new trial on January 5, 2007, claiming he never received notice of the October 3 trial setting and did not receive notice of the default judgment until December 4. The county court never ruled on the motion and it was overruled by operation of law.

Johnny appealed, and Letha filed a brief in support requesting that the default judgment be set aside and the case remanded for a jury trial. The court of appeals treated the county court's failure to rule on the motion for new trial as an implied finding that Johnny received timely notice of the default judgment. 304 S.W.3d 414, 2008 WL 2404548. Thus, the

court of appeals treated Johnny's motion for new trial as untimely and deemed his appeal a restricted appeal. *Id.* at 420. Finding no error apparent on the face of the record, the court denied Johnny's restricted appeal. *Id.* at 420. The court of appeals did, however, strike the $2.8 million exemplary damages award because Donald and Letha's pleadings failed to assert any claim that would support punitive damages. *Id.* at 417. Johnny filed this petition for review, to which only Letha responded, again in favor of Johnny's petition.[2]

■ Johnny challenges the county court's jurisdiction over the case for the first time in this Court. Jurisdiction over the subject matter of an action may not be conferred or taken away by consent or waiver, and its absence may be raised at any time. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). Accordingly, Johnny's failure to assert the jurisdictional defect below does not preclude our review.

■ When the suit was filed, section 115.001 of the Texas Property Code provided:

a district court has original and exclusive jurisdiction over all proceedings concerning trusts, including proceedings to . . . appoint or remove a trustee; . . . determine the . . . liability of a trustee; [and] require an accounting by a trustee.

TEX. PROP.CODE § 115.001(a).[3] The only exceptions to the district court's exclusive

1. Donald appeared both individually and as Attorney and Agent–in–Fact for Letha.

2. Donald filed no briefing with this Court.

3. The Legislature amended the statute in 2007 to state that:
[t]he list of proceedings described by [section 115.001(a) ] over which a district court has exclusive and original jurisdiction is not exhaustive. A district court has exclusive and original jurisdiction over a proceeding by or against a trustee or a proceeding concerning a trust under [section 115.001(a) ] whether or not the proceeding is listed in [section 115.001(a) ].
Act of May 16, 2007, 80th Leg., R.S., ch. 451, § 11, 2007 Tex. Gen. Laws 801, 804–05. All

jurisdiction are limited and do not apply here.

Texas Government Code section 25.0003 governs the jurisdiction of county courts at law, also known as statutory county courts, and vests them with concurrent jurisdiction with the district courts in certain worker's compensation cases and in civil cases in which the matter in controversy exceeds $500, but does not exceed $100,000, as alleged on the face of the petition. TEX. GOV'T CODE § 25.0003(c). However, that section also explicitly states that statutory county courts do not have the jurisdiction granted to statutory probate courts by the Texas Probate Code. *Id.* § 25.0003(f). The jurisdiction of the Hill County Court at Law is specifically governed by Texas Government Code section 25.1112, which grants the court concurrent jurisdiction with the district court in felony cases and family law cases and proceedings. *Id.* § 25.1112(a). The district courts may only assign cases to the county courts at law that are within the county court at law's jurisdiction. *See id.* §§ 25.1112(g), (h). Neither section 25.1112 nor section 25.0003 provide a statutory county court with concurrent jurisdiction when another court is vested with exclusive jurisdiction. *See, e.g., AIC Mgmt. v. Crews,* 246 S.W.3d 640 (Tex.2008) (holding that subject matter jurisdiction is determined by the more specific statute). *See also* TEX. GOV'T CODE § 25.0001(a). Nothing in the Texas Government Code confers jurisdiction upon the Hill County Court at Law over proceedings listed in Texas Property Code section 115.001. *See id.* §§ 25.0003, 25.1112.

In this case, Johnny and Letha sought removal of a trustee, an accounting by a trustee, and appointment of a successor trustee, together with money damages and attorney's fees. Removal of a trustee, an

accounting by a trustee, and appointment of a successor trustee are all "proceedings concerning a trust" expressly governed by the statute and fall under the exclusive jurisdiction of the district court. TEX. PROP.CODE § 115.001(a). As such, transfer to the Hill County Court at Law was improper because it was apparent from the pleadings that the county court lacked jurisdiction over the claims. Because the Hill County Court at Law had no jurisdiction over the claims, its judgment was void. *See State ex rel. Latty v. Owens,* 907 S.W.2d 484, 485 (Tex.1995). Because the county court's judgment was void, we do not reach Johnny's other arguments challenging the judgment.

Accordingly, without hearing argument, we grant the petition for review, reverse the court of appeals' judgment, vacate the county court's judgment, and remand the case to the county court with instructions to transfer the case back to the 66th District Court of Hill County for further proceedings. *See* TEX.R.APP. P. 59.1.

citations in this opinion are to the 2005 version in effect when the suit was filed.