

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00441-CV

Abel R. **VASQUEZ** and Amelia M. Vasquez,
Appellants

v.

Jesus E. **ZAMARIPPA** and Yolanda P. Zamarippa,
Appellees

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-09427
Honorable Solomon Casseb, III, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Catherine Stone, Chief Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  July 31, 2013

AFFIRMED

Abel and Amelia Vasquez appeal the trial court's judgment, asserting the judgment granted relief that exceeded the relief requested in the pleadings. Specifically, the Vasquezes contend the pleadings did not allege any claim involving the title to a water well or request a permanent injunction enjoining the Vasquezes from using the water well. The Vasquezes also claim the issues were not tried by consent; however, the Vasquezes' attorney candidly admitted in the appellants' brief that he had not reviewed the reporter's record from the trial and was relying on Mr. Vasquez's recollection of the trial testimony. Jesus and Yolanda Zamarippa respond that a trespass to try title

claim was alleged in the pleadings which also requested a permanent injunction. The Zamarippas further respond that the claims were tried by consent. We affirm the trial court's judgment.

## BACKGROUND

The Vasquezes and Zamarippas owned adjacent properties. The Vasquezes have an easement across the Zamarippas' property for ingress and egress. A water well, which was built prior to both parties' purchase of their respective properties, extends into the easement. The water well does not, however, interfere with the use of the easement for ingress and egress. A dispute arose between Mr. Vasquez and Mr. Zamarippa regarding the use of the water well, and the Zamarippas filed the underlying lawsuit against the Vasquezes. After a bench trial, the trial court entered a judgment enjoining the Vasquezes from using the water well and granting the Zamarippas title to and exclusive use of the water well.

The Vasquezes appeal the judgment. After the parties filed their respective briefs, the reporter's record from the trial was filed in this court.

## DISCUSSION

A judgment must be supported by the pleadings and proof at trial. *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983); *Phillips v. Phillips*, 296 S.W.3d 656, 670 (Tex. App.—El Paso 2009, pet. denied). In determining whether a judgment conforms to the pleadings, we view the pleadings as a whole. *Raymond v. Raymond*, 190 S.W.3d 77, 83 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Wilson v. McCracken*, 713 S.W.2d 394, 395 (Tex. App.—Houston [14th Dist.] 1986, no writ).

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated as if they had been raised in the pleadings." TEX. R. CIV. P. 67; *see also Phillips*, 296 S.W.3d at 670. To determine whether an issue was tried by consent, "the court

must examine the record not for evidence of the issue, but rather for evidence of trial of the issue." *Moneyhon v. Moneyhon*, 278 S.W.3d 874, 879 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

In their original petition and application for temporary and permanent injunction, the Zamarippas allege that they are "next door neighbors" to the Vasquezes, and the Vasquezes have use of an easement for access which runs across the Zamarippas' property. The petition further alleges that the Zamarippas own a water well located on their property and within the easement. After summarizing the discord that developed between the parties relating to the use of the water well, the petition states, "Plaintiffs, as a result of the above and foregoing[,] file suit against Defendants for Trespass to Try Title, and for Equitable Relief to judicially establish said easement and water well described by the Plaintiffs." The petition then requests "affirmative relief for causes of action which includes: … 3. Trespass to Try Title and Real Property." The petition also requests a permanent injunction against the Vasquezes prohibiting them from "[e]xcluding or interfering with the Plaintiffs['] access, use, and enjoyment of their residence, real property, the easement and water well located on land owned [by] the Plaintiffs."

During the bench trial, the Zamarippas introduced deeds as evidence to establish their ownership of and title to the water well. All of the deeds describe the easement granted in favor of the Vasquezes as an ingress and egress easement. Mr. Zamarippa testified the water well is located on his land with a portion of the water well located within the easement. In response to whether he told Mr. Vasquez he could not use the water well, Mr. Zamarippa stated, "Yes, because it's in my title. I own the well. It is mine, sir." Mr. Zamarippa testified that the water well is not a water source for drinking. Instead, he uses the well to provide water to his cattle.[1] Mr. Zamarippa

---

[1] The Vasquezes refer to an easement of necessity in their brief, alluding to the water well providing the sole source of water to their property. However, both Mr. Zamarippa and Ms. Vasquez testified at trial that the Vasquezes' property has water available through Bexar Met service.

testified that he repaired the electrical pump for the water well when he purchased the property and pays the electrical bill to operate the pump.

Mr. Vasquez also testified regarding ownership of the water well, stating that his problems with Mr. Zamarippa "started with the well, you know, when I told him to stay away from there, that it wasn't in his property, that it didn't belong to him." In response to what Mr. Vasquez was asking the court to do as far as the well was concerned, Mr. Vasquez stated, "Just get it amended, you know, by writing that it's mine and to keep him off my property."

After reviewing the pleadings as a whole, we hold that the judgment awarding the Zamarippas title and exclusive use to the water well is supported by the pleadings. The judgment resolves the Zamarippas' trespass to try title claim and permanently enjoins the Vasquezes from interfering with the Zamarippas' ownership of the water well. Even absent the pleadings, we would hold that the issue of title and ownership was tried by consent. Accordingly, the issues presented in the Vasquezes' brief are overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Luz Elena D. Chapa, Justice