

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00061-CV

_____

RICHARD OWEN TAYLOR, Appellant

V.

DAWN GROUNDS, ET AL., Appellees

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 12C0709-202

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

### I. Background

While imprisoned in the Texas Department of Criminal Justice Correctional Institutions Division (TDCJ-CID), Telford Unit, Richard Owen Taylor failed a prison-administered drug test. As a result, the TDCJ demoted his prisoner status and forfeited his good time credit. Taylor filed a suit for damages against several employees of the TDCJ, his appointed counsel, and two John Does. Taylor's original petition did not assert a cause of action against the TDCJ directly. Taylor alleged that the drug test was defective, the individuals were negligent, and there were irregularities in the testing and disciplinary procedures. The petition sought damages for costs, attorney's fees, loss of property, loss of privileges earned, actual damages, and expenses for "postage, fees and services required to prosecute this proceeding."

Three of the defendants, Dawn Grounds, Sidney Arnold, Sr., and Brad Livingston, employees of the TDCJ represented by the Texas Attorney General's Office, moved for dismissal under Section 101.106(f) of the Texas Civil Practice and Remedies Code. In response, Taylor amended his petition to name the TDCJ, the University of Texas Medical Branch (UTMB), and John Doe I as the only defendants. The trial court dismissed the case as to all defendants.

On appeal, Taylor contends that the trial court erred by dismissing his lawsuit in its entirety.

**II.     Dismissal of Suit Against Governmental Employees**

Section 101.106(f) of the Texas Civil Practice and Remedies Code provides a procedure for a state employee to move for dismissal from a lawsuit arising from conduct of the employee that is within the general scope of that employee's employment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2011). Section 101.106(f) states, "On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed." *Id.* After the employee files a Section 101.106 motion to dismiss, the plaintiff must amend the petition within thirty days and name the state agency as the sole defendant. *Id.* Then the plaintiff must serve the state agency, and the state agency may file a plea to the jurisdiction on the pleadings if there is no waiver of sovereign immunity relative to the plaintiff's claims.

Here, Taylor amended his petition timely and named the TDCJ, the UTMB, and John Doe I as the only defendants. After Taylor filed the amended pleading against the TDCJ, Grounds filed an advisory to the trial court pointing out that the amended petition did not explicitly dismiss the claims against the employees and requesting that the court enter "an Order dismissing the claims against them." This "advisory" appeared to be unnecessary as the failure to name a party in an amended pleading effects a dismissal of that party. *Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex. 1972) (omitting defendant in amended petition operated as voluntary dismissal of that party) (citing *Ridley v. McCallum*, 163 S.W.2d 833 (Tex. 1942); *Brennan v. Greene*, 154 S.W.2d 523 (Tex. Civ. App. 1941, writ ref'd)).

3

Taylor conceded that the claims against Grounds, Arnold, and Livingston should be dismissed because after he amended his pleading, the remaining parties were the TDCJ, the UTMB and John Doe I. However, the trial court found Taylor's petition to be frivolous and entered an order dismissing "all causes of action in the . . . suit brought by [Taylor] against all named Defendants . . . in their entirety."

## III.    Sovereign Immunity

The State contends that, even if the trial court order is in error, this Court should affirm the trial court's dismissal because Taylor failed to establish a waiver of sovereign immunity under the Texas Tort Claims Act (TTCA). Even though the State failed to raise this issue at trial, sovereign immunity may be raised for the first time on appeal—even in an interlocutory appeal—because it is an issue of subject matter jurisdiction. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95–96 (Tex. 2012); *Carroll v. Carroll*, 304 S.W.3d 366, 367 (Tex. 2010). We may affirm a trial court's order of dismissal if it was proper under any legal theory supported by the facts. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990).

Sovereign immunity in Texas embodies two concepts—immunity from liability and immunity from suit. *City of Dallas v. Albert*, 354 S.W.3d 368, 373 (Tex. 2011). Immunity from liability protects governmental entities from judgments, while immunity from suit completely bars actions against those entities unless the Legislature expressly consents to suit. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006); *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006) ("[I]mmunity from suit . . . bars suit against [a governmental] entity altogether."); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003)

4

("Unlike immunity from suit, immunity from liability does not affect a court's jurisdiction to hear a case and cannot be raised in a plea to the jurisdiction."); *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 856 (Tex. 2002) ("We again reaffirm that it is the Legislature's sole province to waive or abrogate sovereign immunity."); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam).

The Legislature has waived governmental entities' immunity from certain claims by means of the TTCA. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109 (West 2011). But the TTCA embodies only limited waivers of sovereign immunity; it does not abolish it. *See Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Tex. 1996). A plaintiff asserting negligence claims against a governmental entity must establish that the State has waived immunity as to the specific causes of action. *See Franka v. Velasquez*, 332 S.W.3d 367, 375 (Tex. 2011). Under Section 101.021 of the TTCA,

> A governmental unit in the state is liable for:
>
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>
> (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011).

5

Here, Taylor alleged that John Doe I, "the vendor of the drug kits herein used," negligently sold faulty drug-test kits to the TDCJ, failed to inform prisoners of the faulty drug test kits, fraudulently concealed its knowledge of the faulty drug test kits, and failed to update a list of medications that could cause a false positive result. However, there is no evidence in the record that the vendor is a governmental entity. Because sovereign immunity has been raised for the first time on appeal and the record neither conclusively establishes nor negates our jurisdiction of the claim against John Doe I, we must remand it to the trial court for further proceedings. *See Westbrook v. Penley*, 231 S.W.3d 389, 395 (Tex. 2007) ("If the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable defect, the plaintiff should be afforded an opportunity to replead.").[1]

Taylor also alleged that the named defendants fraudulently concealed knowledge of the faulty drug test kits and committed various intentional torts including fraud, intentional breach of a court order, breach of fiduciary duty, and breach of the duties of good faith, fair dealing, and disclosure. We affirm the trial court's dismissal of these causes of action because the TTCA does not waive immunity for claims arising from intentional torts. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057 (West 2011).

All of Taylor's remaining claims allege that the TDCJ and the UTMB were negligent due to the use of allegedly contaminated gloves and the use of allegedly faulty drug-test kits. Even if his allegations were taken as true, they do not establish a waiver of sovereign immunity under

---

[1] The trial court dismissed all claims, including the claims against John Doe I, finding they were frivolous under Section 101.106(e) of the Texas Civil Practice and Remedies Code. That statute, discussed above, relates to suits filed against governmental units and its employees. Since the status of the John Doe I defendant is unknown, there is no evidence that John Doe I is governed by this section.

6

Section 101.021 because his claims do not involve the use of a motor vehicle as required by Section 101.021(1) and, similarly, do not state a cause of action for personal injury or death as required by Section 101.021(2). As no amount of repleading can cure this defect, we must affirm the trial court's dismissal of Taylor's remaining causes of action.

We reverse the dismissal of Taylor's claims against John Doe I and remand the case to the trial court for further proceedings related to those claims. We affirm the trial court's dismissal of all other causes of action.

Jack Carter
Justice

Date Submitted:      November 5, 2013
Date Decided:        November 27, 2013