Elena CORDERO, Appellant,

v.

AMERICAN HOME ASSURANCE CO., Appellee.

No. 08–04–00109–CV.

Court of Appeals of Texas, El Paso.

May 5, 2005.

Constance R. Wannamaker, El Paso, for Appellant.

American Home Assurance Co., Austin, pro se.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

**DAVID WELLINGTON CHEW,** Justice.

This is a restricted appeal from the trial court's dismissal for want of prosecution. Appellant Elena Cordero's single issue is that the trial court erred in dismissing the suit because she did not receive notice of the trial court's order dismissing the case. The Appellee, American Home Assurance Co., did not file a brief or enter an appearance when this case was submitted. We reverse and remand.

Ms. Cordero claims she suffered a job related injury at Wal–Mart. On October 31, 2001, Attorney Terri Laird ("Laird") filed a worker's compensation claim on Ms. Cordero's behalf. On September 23, 2002, the Texas Worker's Compensation Commission (TWCC) Appeals Panel denied Ms. Cordero's claim. Then, Ms. Cordero's attorney filed a petition for review with the El Paso County Court of Law No. 3.

On June 18, 2003, Laird sent Ms. Cordero a letter notifying her that she was closing her private practice and that she would no longer be representing her. Laird also recommended Ms. Cordero contact Attorney Javier Martinez or seek assistance from the Ombudsman program at the TWCC for further representation.[1] The record reflects that Laird never filed a motion to withdraw as counsel and remained the attorney of record in this case until December 17, 2003, when Appellant's counsel on appeal entered a notice of entry of appearance.

On September 24, 2003, the trial court signed a Notice of Intent to Dismiss for Want of Prosecution and evidently sent a copy to Laird. On October 27, 2003, the trial court signed an order dismissing the case for want of prosecution and sent a copy to Laird via facsimile to the fax number recorded on the trial courts database. Ms. Cordero did not learn that her case was dismissed for want of prosecution until after she consulted an attorney at the Texas Rio Grande Legal Aid, Inc. on December 10, 2003.

---

1. In her affidavit in support of her motion to reinstate, Ms. Cordero states that after receiving Laird's letter, she spoke to "many different lawyers," but none were willing to take her case. She was finally able to get an appointment with Texas Rural Legal Aid, Inc. (now known as Texas Rio Grande Legal Aid, Inc.) on December 10, 2003.

On December 17, 2003, Ms. Cordero filed a motion to reinstate. The trial court held a hearing and found that Ms. Cordero had been timely provided notice of the order of dismissal by facsimile transmission to the District Attorney's telecopier number where Ms. Cordero's attorney of record was then employed. The trial court then found that pursuant to Tex.R.Civ.P. 165a(3), the time period for plaintiff to file a motion to reinstate began on October 27, 2003, and that the filing of the motion to reinstate on December 17, 2003, was well past the thirty-day deadline. On April 27, 2004, Ms. Cordero timely filed this appeal of the trial court's judgment dismissing her appeal for want of prosecution.[2]

Ms. Cordero contends that the trial court erred by improperly providing notice of the order dismissing her case for want of prosecution to Laird, the attorney of record, by facsimile instead of first class mail pursuant to Tex.R.Civ.P. 306a. This, she argues, is error apparent on the face of the record. Tex.R.Civ.P. 306a(3) states in pertinent part:

> When the final judgment or other appealable order is signed, the clerk of the court *shall immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed.* Failure to comply with the provisions of this rule shall not affect the periods mentioned in paragraph (1) of this rule, except as provided in paragraph (4). [Emphasis added].

A restricted appeal is a direct attack on a judgment. *Fowler v. Quinlan*

*Ind. Sch. Dist.*, 963 S.W.2d 941, 943 (Tex. App.-Texarkana 1998, no pet.). To prevail on a restricted appeal, the appellant must show four elements: (1) that the appeal was filed within six months after the trial court signed the judgment or order appealed from; (2) that appellant was a party to the suit; (3) who did not participate in the actual trial; and (4) error is apparent on the face of the record. *See Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997); *Flores v. Brimex Ltd. Partnership*, 5 S.W.3d 816, 819 (Tex.App.-San Antonio 1999, no pet.). Here, the only element to be resolved is whether faxing the dismissal order rather than mailing it first class is error apparent on the face of the record. *DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex.1991). For purposes of a restricted appeal, the face of the record consist of the reporter's record and all the papers in the clerk's record filed prior to final judgment. *Norman Communications*, 955 S.W.2d at 270; *DSC Fin. Corp.*, 815 S.W.2d at 551; *Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex.1991).

The record before us contains a dismissal order for want of prosecution that was transmitted via facsimile. Faxing final judgments or other appealable orders may be the usual practice in El Paso County, but there is nothing in the record to establish that such practice has been or could be adopted by a local rule pursuant to Rule 3a. *See* Tex.R.Civ.P. 3a. It is apparent from the record that the notice

---

2. Ordinarily, a party must file a motion to reinstate within thirty days after the order of dismissal is signed. If, however, the party does not receive notice or acquire actual knowledge of the order within twenty days of the date the order is signed, TEX.R.CIV.P. 306a(4) provides that the thirty-day period shall begin to run on the date the party actu-

ally acquires notice or actual knowledge of the order, but in no event can the thirty-day period begin after more than ninety days have passed since the order was signed. *See Levit v. Adams*, 850 S.W.2d 469, 469–70 (Tex.1993). Ms. Cordero argued that the date she acquired actual knowledge of the trial court's order was December 10, 2003.

was not delivered in compliance with the rules. The failure to give notice is a denial of due process and is grounds for reversal. *Hubert v. Illinois State Assistance Com'n,* 867 S.W.2d 160, 163 (Tex.App.-Houston [14th Dist.] 1993, writ denied). We find that it was an abuse of discretion not to set aside the order of dismissal for want of prosecution, and sustain the single issue and remand the cause to the trial court.

Accordingly, we reverse the trial court's judgment and remand the case for further proceedings consistent with this decision.