# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00263-CV

**ID/Guerra LP, Appellant**

**v.**

**Texas Workforce Commission, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-GN-06-001129, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## O P I N I O N

The Texas Workforce Commission (the "Commission") sent ID/Guerra, LP ("ID/Guerra") a notice informing ID/Guerra that it owed unemployment taxes. *See* Tex. Labor Code Ann. § 213.032(a) (West 2006) (specifying manner in which Commission must provide notice of assessment). After receiving the notice, ID/Guerra filed a lawsuit contesting the assessment. *Id.* § 213.032(c) (West 2006) (allowing employers to contest assessment by filing "petition for judicial review"). Almost two years later, the district court held a hearing regarding whether the case should be dismissed for want of prosecution. *See* Tex. R. Civ. P. 165a (allowing case to be dismissed due to failure of party to appear for hearing or trial "of which the party had notice"). Several months after the hearing, the district court signed an order dismissing the case.

Five months after the case was dismissed, ID/Guerra sent a discovery request to the Commission. After receiving the request, the Commission informed ID/Guerra that it would not be

responding because the case had been dismissed. Early the next month, ID/Guerra filed a motion to reinstate the case. In its motion, ID/Guerra asserted that the case was improperly dismissed because no notice regarding the hearing or the dismissal order was sent to its attorney even though ID/Guerra listed its attorney's name and address in its petition. As support for this assertion, ID/Guerra attached an affidavit from a deputy clerk for the district court and a printout from the district court's internal database. The affidavit specified that the district clerk's records for the case "reflect[ed] no attorneys representing [ID/Guerra] nor any address or other contact information for" ID/Guerra. Further, the affidavit clarified that because the court's database had no address for ID/Guerra or its attorney, the district clerk's office "did not mail any notice" regarding the hearing or the dismissal to ID/Guerra "or its counsel." The printout confirmed that the court's database had no attorney listed for ID/Guerra.

The record does not indicate whether the district court made any ruling regarding the motion to reinstate. However, a few days after filing its notice to reinstate, ID/Guerra filed this restricted appeal. *See* Tex. R. App. P. 30 (allowing party who did not participate in dismissal hearing to file restricted appeal); *see also id.* R. 26.1(c) (specifying six-month deadline by which restricted appeal must be filed). We will affirm the judgment of the district court.

## DISCUSSION

In one issue on appeal, ID/Guerra contends that the district court erred by dismissing this case for want of prosecution. Specifically, ID/Guerra repeats the assertions it made in its motion to reinstate and insists that because the district court "sent no notice to [ID/Guerra] of either the

Court's intent to dismiss, or of the hearing, or of the order dismissing the case," the district court's dismissal should be reversed.

In order for an appellate court to reverse a dismissal in a restricted appeal, the error complained of must be apparent on the face of the record. Tex. R. App. P. 26.1(c), 30; *see Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997).[1] In light of the facts that ID/Guerra listed its attorney's name and address in its petition and that the Commission's answer also listed the name and address for ID's attorney, the affidavit and accompanying printout attached to ID's motion to reinstate would seem to demonstrate error on the face of the record because they show that the case was dismissed without sending notice to ID's attorney. *See* Tex. R. Civ. P. 165a(1) (allowing district court to dismiss case for want of prosecution only after providing parties and "each attorney of record" with notice of its "intention to dismiss and the date and place of the dismissal hearing"), 306a(1), (3) (requiring district court to send notice to parties or their attorneys that dismissal order was signed); *see also General Motors Acceptance Corp. v. City of Houston*, 857 S.W.2d 731, 733 (Tex. App.—Houston [14th Dist.] 1993, no writ) (concluding that error was present on face of record when notice of intent to dismiss and dismissal order contained "an improper and incomplete address").

---

[1] The following three requirements must also be met before an appellate court may reverse a dismissal in a restricted appeal: (1) the appeal must have been filed within six months after the trial court signed the judgment dismissing the case; (2) the appeal must have been filed by a party to the suit; and (3) the party must not have participated in the trial. *See* Tex. R. App. P. 26.1(c), 30; *see Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). None of those requirements are in dispute in this case.

However, the motion and its attachments were not timely filed. Rule of civil procedure 165a states that a motion to reinstate must be "filed with the clerk within 30 days after the order of dismissal is signed" or within 30 days of the time specified in rule 306a. *See* Tex. R. Civ. P. 165a(3). Rule 306a contemplates situations in which a party or his attorney does not receive notice that a dismissal order has been entered and signed. *Id.* R. 306a(1), (4). In these circumstances, the rule specifies that the time to file a motion to reinstate begins on the date that a party adversely affected by the dismissal or his attorney receives notice from the clerk that the dismissal has been signed or acquires actual knowledge from another source that the dismissal has been signed. *Id.* R. 306a(4). However, the rule clarifies that "in no event shall such period begin *more than ninety days* after the original judgment or other appealable order was signed." *Id.* (emphasis added).

The dismissal order was signed in November 2008, but the motion to reinstate was not filed until more than five months later. Accordingly, even the extended deadline applicable when parties do not receive notice had expired, and the district court no longer had plenary power to reinstate the case or to consider the information contained in and attached to the motion to reinstate. *See* Tex. R. Civ. P. 165a, 306a. For these same reasons, we must conclude that we cannot consider the motion or its attachments when determining if there is error on the face of the record. *See Carol v. Carol*, 304 S.W.3d 414, 419-20 (Tex. App.—Waco 2008) (refusing to consider as part of record testimony presented during hearing regarding untimely filed motion for new trial), *rev'd on other grounds*, 304 S.W.3d 366 (Tex. 2010); *see also General Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 944 (Tex. 1991) (noting that rendering judgment on evidence trial

4

court was not able to consider "undermines [the] judicial structure"); *Laas v. Williamson*, 156 S.W.3d 854, 857 (Tex. App.—Beaumont 2005, no pet.) (stating that documents that were placed in record after judgment was entered are not part of record to be reviewed in restricted appeal); *Stankiewicz v. Oca*, 991 S.W.2d 308, 311-12 (Tex. App.—Fort Worth 1999, no pet.) (noting that record only consists of those documents that were on file with district court when judgment was entered); *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 794 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (on reh'g) (concluding that in restricted appeals, appellate courts may not consider evidence "unless it was before the trial court when it rendered judgment"); *cf. Ginn v. Forrester*, 282 S.W.3d 430, 432-33 (Tex. 2009) (explaining that affidavits from district clerk that assert that notice was not sent and that were filed for the first time in appellate court cannot support restricted appeal).[2]

---

[2] As support for its assertion that this Court may consider items that were added to the record after the case was dismissed, ID/Guerra refers to various memorandum opinions. *See, e.g.*, *DC Controls, Inc. v. UM Capital, L.L.C.*, No. 05-07-01728-CV, 2008 Tex. App. LEXIS 8018 (Tex. App.—Dallas Oct. 22, 2008, no pet.) (mem. op.) (addressing evidence that service of citation was sent one week after case was dismissed but before case was reinstated); *Martin v. H & S Kadiwala, Inc.*, No. 05-06-00113-CV, 2007 Tex. App. LEXIS 2591 (Tex. App.—Dallas Apr. 3, 2007, no pet.) (mem. op.) (considering oral pronouncement at hearing occurring after dismissal order was entered when determining if there was error on face of record). However, none of those cases involved a situation in which evidence was filed after the trial court had lost plenary power.

ID/Guerra also cites to a case in which an appellate court considered as part of the record an affidavit that was attached to a party's motion to reinstate but that was filed after the 30 day deadline for filing a motion to reinstate. *See Cordero v. American Home Assurance Co.*, 281 S.W.3d 13 (Tex. App.—El Paso 2005, no pet.); *see also* Tex. R. Civ. P. 165a(3) (setting out deadlines for filing motion to reinstate). Although the affidavit was filed after the 30 day deadline, the affidavit specified that Cordero was not given notice of the dismissal until after the 30 day deadline had expired, and the court stated that the extended deadline for parties who do not receive notice of a dismissal order had not expired by the time she filed the motion and the affidavit. *Cordero*, 281 S.W.3d at 14-15, 15 n.2; *see* Tex. R. Civ. P. 306a (setting deadlines for motions to reinstate when parties are not informed that their cases have been dismissed). In the present case, however,

In its reply brief, ID/Guerra attempts to distinguish the circumstances found in several of the cases cited above from those present in this case and, therefore, argues that those cases cannot properly support an affirmance in this case. Specifically, ID/Guerra contends that *Falcon Ridge*, *Laas*, and *Barker* involved situations in which a party attempted to file documents for the first time with the appellate court or attempted to supplement the record after an appeal had been filed but that the affidavit and printout that it relies on were filed with the trial court and were part of the record when the appeal was originally filed. *See* 811 S.W.2d at 943 (addressing affidavits filed for first time in appellate court); 156 S.W.3d at 857 (involving corrected return of citation that was filed as appendix to appellate brief but was not in clerk's record); 989 S.W.2d at 795-96 (concerning uncertified copy of amendment to return of citation that was included in supplemental clerk's record as attachment to letter submitted to trial court by party after appeal had been filed). Consequently, ID/Guerra insists that the cases should not be read as prohibiting appellate courts from considering in a restricted appeal documents that are filed after an order of dismissal has been signed but before an appeal has been filed.

In this case, we are not presented with a situation in which an appellant filed a timely motion to reinstate and submitted documents supporting his assertion that the case was improperly dismissed. Consequently, we need not consider whether the record in a restricted appeal can include documents that were filed after a dismissal order is issued but within the time allowable to reinstate the case. Rather, in this case we have only determined that documents filed after the expiration of

---

both the normal 30 day deadline and the extended deadline had expired by the time ID/Guerra filed its motion to reinstate and the accompanying attachments. Consequently, *Cordero* does not stand for the proposition that documents filed after the expiration of a trial court's plenary power may be reviewed as part of the record in a restricted appeal.

a trial court's plenary power do not become part of the record to be reviewed in a restricted appeal. Because filing documents after a trial court has lost plenary power deprives the trial court of the opportunity to consider the evidence presented in those documents in the same way that filing documents for the first time on appeal does, we believe that the principles articulated in *Falcon Ridge*, *Laas*, and *Barker* are applicable to this case as well.

Other than those items untimely filed by ID/Guerra, the record is silent regarding whether the district court sent notice regarding the dismissal hearing and notice that a dismissal order had been signed. Because no obligation is imposed on district courts to keep records regarding whether notices were actually sent, the absence of proof in the record that notice was provided is "insufficient to establish reversible error in a restricted appeal." *Ginn*, 282 S.W.3d at 433; *see Falcon Ridge Apartments*, 811 S.W.2d at 943-44 (noting that typically record in dismissals will be silent as to "whether or not the required notices were given" and concluding that silence does not constitute error on face of record).[3]

---

[3] In its reply brief, ID/Guerra insists that a letter prepared by the district clerk in response to a request by ID/Guerra demonstrates "that the trial court failed to notify appellants of its intent to dismiss their suit." Specifically, ID/Guerra notes that it asked the clerk to prepare a supplemental clerks record containing copies of the following items: (1) the district court's "Notice of Intent to Dismiss," (2) its "Notice of Dismissal," and (3) its docket "sheet for the dismissal hearing." In response to the request, the clerk certified that those items were not part of the record on file at the district court. In light of that acknowledgment, ID/Guerra insists that there is error on the face of the record.

However, ID's assertions ignore the fact that although district court clerks are required to mail notice regarding a dismissal hearing and regarding the signing of a dismissal order, the rules of civil procedure impose no duty "to record the mailing of the required notices." *See Ginn v. Forrester*, 282 S.W.3d 430, 433 (Tex. 2009). Accordingly, the clerk's acknowledgment reflects "nothing more than affirmation of a silent record, which is insufficient to establish reversible error in a restricted appeal." *Id.*

For these reasons, we overrule ID's issue on appeal. Because ID's challenge to the district court's judgment relies on evidence that was not timely filed with the district court, the appropriate remedy is a bill of review "so that the trial court has the opportunity to consider and weigh factual evidence." *See Ginn*, 282 S.W.3d at 432; *Falcon Ridge Apartments*, 811 S.W.2d at 944; *Laas*, 156 S.W.3d at 857 (stating that documents "filed after judgment may be considered in a bill of review proceeding and on appeal from the denial of a bill of review, but not in a restricted appeal"); *see also Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (explaining that "bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal").

## CONCLUSION

Having overruled ID's issue on appeal, we affirm the judgment of the district court.

David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: July 23, 2010