# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00039-CV

**A-A-A Natural Stone, Limited Liability Company, Appellant**

**v.**

**Nationwide Trans, Inc., Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-17-005654, HONORABLE TODD T. WONG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A-A-A Natural Stone, Limited Liability Company (ANS) brings this restricted appeal from the trial court's default judgment in favor of Nationwide Trans, Inc. ANS contends that the trial court erred in granting the default judgment because a return of service was not on file with the clerk of the court for at least ten days before the court signed the default judgment. We will affirm the trial court's final default judgment.

## BACKGROUND

On June 12, 2017, Nationwide filed a breach of contract claim against ANS. Nationwide requested an issuance of service on ANS on June 13. The record before us contains an executed return of service indicating that the citation was served on June 29. The citation and return were filestamped by the trial court clerk on July 5. Nationwide moved for default judgment on July 31, and the trial court signed a final default judgment in Nationwide's favor on August 1, 2017.

On January 8, 2018, ANS and Nationwide filed a "Joint Motion to Vacate Judgment and Reinstate Case." In the motion, the parties asserted, "At the time of the default judgment . . . there was no executed return of service in the Court's file. The Final Judgment is therefore defective as a matter of law." Although no order of the trial court ruling on the agreed motion appears in the record before us, our record does contain a docket entry indicating that the trial court did not sign the agreed order because the court lacked plenary power. This restricted appeal followed.

## STANDARD OF REVIEW

In order to prevail in a restricted appeal, ANS must prove that: (1) it filed the notice of restricted appeal within six months after the trial court signed the default judgment; (2) it was a party to the underlying lawsuit; (3) it did not participate at the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* Tex. R. App. P. 30; *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Arbogust v. Graham*, No. 03-17-00800-CV, 2018 WL 3150996, at *1 (Tex. App.—Austin June 28, 2018, no pet. h.) (mem. op.). Only the fourth element is at issue here.

## DISCUSSION

In its sole appellate issue, ANS contends that the trial court erred in granting the default judgment because, at the time the court signed the default judgment, the court's record did not include a return of service as required by Texas Rule of Civil Procedure 107(h). *See* Tex. R. Civ. P. 107(h) ("No default judgment shall be granted in any cause until proof of service as provided by

this rule or by Rules 108 or 108a, or as ordered by the court in the event citation is executed by an alternative method under Rule 106, shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment.").  As noted above, the record before us contains a return of service indicating that service was executed on June 29, and the citation and return were filestamped on July 5, more than ten days before the trial court signed the default judgment on August 1.  A return of service is prima facie proof that service was performed.  *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam); *SJ Logistics Grp. v. Colossal Transp. Sols., LLC*, No. 01-17-00324-CV, 2018 WL 1188879, at *2 (Tex. App.—Houston [1st Dist.] Mar. 8, 2018, no pet.) (mem. op.); *N.T. v. Texas Dep't of Family & Protective Servs.*, No. 03-17-00573-CV, 2017 WL 5985507, at *4 (Tex. App.—Austin Nov. 29, 2017, no pet.) (mem. op.).

Despite the presence of the return of service in the record, ANS argues that other documents show that the return of service was not on file for at least ten days before the trial court signed the default judgment.  ANS relies on a trial court docket entry that states the following:

> CITATION-RETURN FILE-MARKED FOR RECORD ON 07/05/2017. CITATION RETURN WAS LOCATED IN THE FILE ON 01/11/2018 AND ENTERED INTO THE RECORD ON 01/11/2018
> 06/24/2017

According to ANS, this entry demonstrates that the trial court's default judgment did not comply with Rule 107(h).  ANS also argues that Nationwide judicially admitted that the return of service was not on file by signing the joint motion to vacate.

However, neither this docket entry nor the joint motion was before the trial court when the trial court signed the default judgment.  Therefore, we may not consider them on restricted

appeal. *See Ginn v. Forrester*, 282 S.W.3d 430, 432 (Tex. 2009) (per curiam) ("When extrinsic evidence is necessary to challenge a judgment, the appropriate remedy is by motion for new trial or by bill of review filed in the trial court so that the trial court has the opportunity to consider and weigh factual evidence."); *id.* at 431 ("A restricted appeal requires error that is apparent on the face of the record; error that is merely inferred will not suffice."); *Houghtaling v. Houghtaling*, No. 01-13-00547-CV, 2014 WL 3928592, at *2 (Tex. App.—Houston [1st Dist.] Aug. 12, 2014, no pet.) (mem. op.) ("[E]vidence not before the trial court prior to final judgment may not be considered . . . . For instance, affidavits filed for the first time in the appellate court are extrinsic evidence that will not support a restricted appeal."); *Pharia, LLC v. Childers*, No. 10-12-00241-CV, 2013 WL 4040124, at *1 (Tex. App.—Waco Aug. 8, 2013, no pet.) (mem. op.) (noting that Pharia did not raise its argument that it did not receive notice "before the trial court by way of a bill of review" and stating, concerning alleged evidence that Pharia did not receive notice, "that evidence was not presented to the trial court and we may not consider it"); *Jones v. Houston Police Dep't*, No. 14-11-00756-CV, 2013 WL 1188991, at *1 (Tex. App.—Houston [14th Dist.] Feb. 12, 2013, no pet.) (mem. op.) (per curiam) ("In adjudicating these appeals, this court must presume that the trial court clerk sent the required notices to Jones; and Jones had the burden to prove *in the trial court* that the trial court clerk did not send these notices.") (emphasis added); *Byrd v. Nicolas & Morris*, No. 03-10-00663-CV, 2013 WL 150306, at *2 (Tex. App.—Austin Jan. 9, 2013, pet. denied) (mem. op.) ("If a party needs extrinsic evidence to challenge a judgment, he must raise the issue by motion for new trial or by bill of review filed in the trial court to give the trial court an opportunity to consider the evidence related to the propriety of notice.").

This case is similar to *ID/Guerra*, in which the plaintiff argued that the trial court erred by dismissing the suit for want of prosecution because the trial court did not send it notice of the court's intent to dismiss or of the hearing. *See ID/Guerra LP v. Texas Workforce Comm'n*, 317 S.W.3d 898, 900 (Tex. App.—Austin 2010, no pet.). The plaintiff filed a motion to reinstate the case in the trial court and attached an affidavit from a deputy district court clerk and a printout from the court's internal database showing that the court did not mail notice to the plaintiff or its counsel because no contact information for the plaintiff's counsel existed in the database. *Id.* at 899–900. Although this Court noted that the documents the plaintiff attached to its motion to reinstate "would seem to demonstrate error on the face of the record," it concluded that it could not consider these documents because the motion was untimely filed. *Id.* at 900. The Court explained that "documents filed after the expiration of a trial court's plenary power do not become part of the record to be reviewed in a restricted appeal." *Id.* at 902. This Court further explained that it could not review such documents on restricted appeal because "filing documents after a trial court has lost plenary power deprives the trial court of the opportunity to consider the evidence presented in those documents in the same way that filing documents for the first time on appeal does." *Id.*

Similarly, we conclude that we cannot consider the docket entry or joint motion to vacate on which ANS relies. ANS was required to bring these documents to the trial court's attention through a timely motion or a bill of review. Even assuming, without deciding, that Nationwide judicially admitted that no return of service was on file at the time the trial court signed the default judgment, we may not consider that judicial admission because it was made in an untimely motion filed after the trial court lost plenary power. Finally, we note that, even if the return of service was

5

not in the specific record for this case at the time of the default judgment, as the docket entry arguably indicates, we are not convinced that this would constitute error on the face of the record requiring us to reverse the default judgment. The record before us contains a signed return of service filestamped by the trial court on July 5, indicating that the return was "on file with the clerk of the court" for at least ten days before the trial court signed the default judgment, even if it was not part of the record for this specific case. *See* Tex. R. Civ. P. 107(h). In any event, nothing that was properly before the trial court at the time of the default judgment indicated that the return of service was not on file.

Because we may not consider documents generated after the trial court signed the default judgment in this restricted appeal, we conclude that ANS has not shown error on the face of the record. Accordingly, we overrule its sole appellate issue.

## CONCLUSION

We affirm the trial court's final default judgment.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed: August 1, 2018

6