

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00159-CV

_____

IN THE INTEREST OF S.W., A CHILD

On Appeal from the 360th District Court
Tarrant County, Texas
Trial Court No. 360-670381-19

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Opinion by Chief Justice Sudderth

## OPINION

This is a restricted appeal from a default judgment terminating a mother's and unknown biological father's parental rights in a suit brought by a private adoption agency instead of the Department of Family and Protective Services. In four issues with several arguments, Mother and a man claiming to be the child S.W.'s biological father (Father) challenge the validity of the affidavit of relinquishment Mother signed the day before appellee Little Flower Adoptions filed suit. Mother and Father include several arguments within their issues, contending that (1) Mother did not have the capacity to execute the affidavit, (2) Mother had crossed out part of the affidavit's language before signing it, and the unedited version of the affidavit that Little Flower filed with its petition was not the correct version, (3) Mother revoked the affidavit after signing it, (4) Little Flower coerced Mother into signing the affidavit, (5) counsel whom Mother and Father had hired after entry of the termination judgment was ineffective for failing to timely move for a new trial, and (6) Mother and Father were not provided notice of the final trial setting. We affirm the trial court's judgment as to Mother and dismiss Father's restricted appeal for want of jurisdiction.

## I. Background

On October 9, 2019, Little Flower filed a petition to terminate Mother's parental rights to S.W. alleging that Mother had (1) voluntarily left S.W. alone or in the possession of another not the parent and expressed an intent not to return or, alternatively, (2) executed an irrevocable affidavit of relinquishment of her parental

2

rights in accordance with the Family Code. *See* Tex. Fam. Code Ann. §§ 161.001(b)(1)(A), (K), 161.103. The petition also alleged that S.W.'s biological father was unknown; had not (or would not have by the time of trial) registered with the State's paternity registry; and should have his parental rights terminated as well. *See id.* §§ 160.301–.302, 161.002(b)(3). Little Flower sought to be named S.W.'s managing conservator. The affidavit of relinquishment attached to the petition indicated that Mother "freely and voluntarily waive[d] and g[a]ve up [her] right to the issuance, service, and return of citation, notice, and all other process in any termination suit." The affidavit is dated three days after S.W.'s birth but the day before Little Flower filed suit.

On November 8, 2019, the trial court held a final hearing and signed an order terminating Mother's and the unknown alleged biological father's parental rights. The final order (1) states that Mother "waived issuance of service of citation by Waiver contained in her Mother's Affidavit of Relinquishment of Parental Rights to a licensed Child Placing Agency and did not otherwise appear" and (2) recites that "[t]he Court further finds that all persons entitled to citation were properly cited or have waived citation in the manner provided by law, and that all persons entitled to notice have been notified to the extent required by law." The order also indicates that "[a] jury was waived" and that a record "was waived by the parties with the consent of the Court."

3

The trial court found both conduct allegations for Mother to be true, found that no man had registered with the State's paternity registry claiming to be S.W.'s father, and found that termination of Mother's and the unknown biological father's rights was in S.W.'s best interest. *See id.* §§ 161.001(b)(1)(A), (K), (b)(2), 161.002(b)(3). The trial court further named Little Flower as S.W.'s managing conservator and sealed all the case records.

On June 3, 2020, Mother and Father untimely moved for a new trial asking the trial court to set aside the termination order because they claimed that Little Flower had acted deceptively in obtaining the affidavit of relinquishment and termination order. *See* Tex. R. Civ. P. 329b(a). Mother and Father also alleged that they had not received proper notice of the final trial setting. Mother and Father both signed affidavits that were attached to the motion along with other evidence. The trial court did not rule on the motion for new trial.[1]

On June 16, 2020, Mother and Father filed a "Petition for Restricted Appeal." In this court, they filed a motion for an extension of time to file a restricted appeal, which was granted. *See* Tex. R. App. P. 26.3; Supreme Court of Tex., Seventeenth Emergency Order Regarding the COVID-19 State of Disaster, Misc. Dkt. No. 20-9071 (May 26, 2020).

---

[1]Mother and Father also filed a bill of review. Their appeal from the trial court's denial of the bill of review is pending in this court's cause number 02-20-00160-CV.

4

## II.   Elements of Restricted Appeal

To prevail in this restricted appeal, Mother and Father must show that (1) they timely filed their notice of restricted appeal; (2) they were parties to the underlying suit; (3) they did not participate in the hearing that resulted in the complained-of judgment and did not timely file a postjudgment motion or request for findings of fact and conclusions of law or a notice of appeal within the time permitted by Rule 26.1(a); and (4) error is apparent from the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Inlog, Inc. v. Ryder Truck Rental, Inc.*, No. 02-19-00283-CV, 2020 WL 1887846, at *1 (Tex. App.—Fort Worth Apr. 16, 2020, no pet.) (mem. op.). The first three elements are necessary to invoke our restricted-appeal jurisdiction, but the fourth is not. *Ex parte E.H.*, 602 S.W.3d 486, 496 (Tex. 2020).[2]

## III.   Jurisdiction Over Mother's Appeal

Little Flower contends as a preliminary matter that Mother cannot meet the jurisdictional prerequisite of showing that she did not participate in the final termination hearing because she signed an affidavit of relinquishment. In other words, it contends that Mother's election not to participate was in itself an act of

---

[2]In *Ex parte E.H.*, the Texas Supreme Court clarified that although language in *Brown v. McLennan County Children's Protective Services* "suggested" that the fourth element of a restricted appeal is jurisdictional, it is not. 602 S.W.3d at 496 (citing *Brown*, 627 S.W.2d 390, 392 (Tex. 1982)). Nevertheless, *Brown*'s ultimate holding on the merits remains undisturbed.

participation. Such an argument is not only illogical, it defies common sense and negates the plain meaning of the word "participate." For example, one would not say that an invited guest participated in a wedding by RSVP'ing "no" and declining to attend. In support of its argument, Little Flower cites our sister court's holding in *In re B.H.B.*, 336 S.W.3d 303, 304–06 (Tex. App.—San Antonio 2010, pet. denied).[3]

---

[3]In *B.H.B.*, the San Antonio court of appeals held that a mother who signed an affidavit of relinquishment had participated in the termination trial even though she did not actually appear because in the affidavit the mother had (1) agreed to relinquish her parental rights and duties, (2) confirmed that she understood a lawsuit to terminate her parental rights would be filed promptly, (3) acknowledged that she did not want to go to court or be represented by a lawyer and that she wanted the affidavit to be presented to the court, (4) stated that she did not want to be informed further about the suit, and (5) agreed "that a final hearing in the lawsuit [could] be held at any time without further notice to [her]." *Id.* at 305–06.

In *B.H.B.*, the court of appeals analogized its facts to those in *Blankinship v. Blankinship*, in which the appellant had waived citation and a record but had also signed the judgment before the trial court rendered it. 572 S.W.2d 807, 808 (Tex. App.—Houston [14th Dist.] 1978, no writ). On those facts, the Fourteenth District Court of Appeals held that the appellant had participated in the complained-of judgment and was thus was precluded from filing a restricted appeal. *Id.* Although in *Stubbs v. Stubbs* the Texas Supreme Court later approved of *Blankinship*'s holding, it nevertheless distinguished *Blankinship*'s facts and came to the opposite conclusion; the appellant in *Stubbs* had, during a pending divorce suit, signed only an agreement incident to divorce and a waiver of citation but not the proposed judgment. 685 S.W.2d 643, 644–45 (Tex. 1985). The Supreme Court held that these "were not sufficient acts of participation to preclude [the appellant] from obtaining writ of error review." *Id.* at 645. And—in a case with similar procedural facts to this case and the facts in *B.H.B.*—the Texas Supreme Court noted without analysis that "it is undisputed that [the appellant] did not participate in the trial," and it decided the appeal on whether error was apparent from the face of the record. *Brown*, 627 S.W.2d at 392–94; *see also Vine v. Miller*, No. 05-98-01504-CV, 2001 WL 477638, at *1 (Tex. App.—Dallas May 8, 2001, no pet.) (not designated for publication) (reviewing, in case on similar facts, only whether error was apparent on the face of the record).

We decline to follow *B.H.B.* It is undisputed here that Mother was not present at the final termination hearing, and the plain language of the affidavit she signed indicates that she did not want to, or intend to, participate in the final trial. Thus, we hold that Mother did not participate in the decision-making event resulting in the termination order and, therefore, that Mother has shown that we have jurisdiction over her restricted appeal.[4] *See, e.g., Cummings v. Billman*, No. 02-20-00034-CV, 2020 WL 938172, at *3 (Tex. App.—Fort Worth Feb. 27, 2020, order) (construing rule of appellate procedure according to its plain language); *In re Norris*, 371 S.W.3d 546, 553 (Tex. App.—Austin 2012, orig. proceeding) (same).

---

Although a statutory affidavit of relinquishment is sufficient evidence upon which a trial court may terminate parental rights, it is not conclusive evidence requiring the trial court to do so. *See In re E.J.R.*, 503 S.W.3d 536, 543, 544 (Tex. App.—Corpus Christi–Edinburg 2016, pet. denied); *In re J.L.J.*, 352 S.W.3d 536, 542 (Tex. App.—El Paso 2011, no pet.) (explaining that trial-court action is still required to terminate rights even after parent has signed statutory irrevocable affidavit of relinquishment); *Vallejo v. Tex. Dep't of Family & Protective Servs.*, 280 S.W.3d 917, 921 (Tex. App.—Austin 2009, no pet.) (noting that Family Code Section 161.103, "establishing the requisites of a voluntary relinquishment affidavit[,] contemplates that the involuntary termination proceeding will occur despite the execution of the affidavit"); *see also In re K.S.L.*, 538 S.W.3d 107, 111 (Tex. 2017) (citing *Brown* with approval and explaining that a statutory affidavit of relinquishment can be sufficient evidence of best interest, even under a clear-and-convincing-evidence burden of proof). Thus, Mother's signing of the affidavit of relinquishment is not analogous to the appellant's signing of the judgment in *Blankinship*; rather, it is more akin to the facts in *Brown* and *Stubbs*.

[4]There is no dispute that Mother met the other two jurisdictional prerequisites: that she timely filed her restricted appeal (within the time as extended by this court) and that she was a party to the underlying case. *See Brown*, 627 S.W.2d at 392.

## IV.  No Jurisdiction Over Father's Appeal

Father, on the other hand, has not shown that we have jurisdiction over his restricted appeal.  The trial court's judgment recites that at the time of the final hearing, no man had filed a paternity acknowledgement in the State's paternity registry, and nothing in the record shows that Father had been named a party or had made an appearance in the suit.  Accordingly, Father was not a party to the underlying suit, and we cannot consider his restricted appeal.  *See In re C.R.G.*, No. 05-16-01490-CV, 2017 WL 526611, at *2 (Tex. App.—Dallas Feb. 9, 2017, no pet.) (mem. op.); *In re Baby Girl S.*, 353 S.W.3d 589, 590–91 (Tex. App.—Dallas 2011, no pet.).[5]

## V.  No Error on Face of Record

All four of Mother's issues rely solely on evidence attached to the untimely motion for new trial.[6]  But in determining whether error is apparent on the face of the

---

[5]Even if we were able to exercise jurisdiction over Father's restricted appeal, he merely joins Mother's issues on the merits and does not bring any independent issues.

[6]Mother complains in her third issue that she was entitled to notice of the final hearing because she had "crossed out the waiver of notice on the actual affidavit that she signed."  But she acknowledges that the affidavit attached to Little Flower's petition does not show any editing of the affidavit.  Mother does not appear to be challenging that such a waiver would be unenforceable in general, but to the extent that she does, we note that the Family Code authorizes a person signing an affidavit of relinquishment to waive process in a termination suit.  *See* Tex. Fam. Code Ann. § 161.103(c)(1); *In re Gladney Ctr.*, No. 2-10-107-CV, 2010 WL 2105872, at *2 (Tex. App.—Fort Worth May 20, 2010, orig. proceeding) (mem. op.).  Moreover, nothing in the record affirmatively shows that Mother was not sent notice of the final trial; therefore, she cannot show error on the face of the record.  *See Alexander*, 134 S.W.3d at 849–50; *O'Brien v. Hernandez*, No. 02-19-00470-CV, 2020 WL 4689845, at *1 (Tex. App.—Fort Worth Aug. 13, 2020, no pet.) (mem. op.).

record, we may not consider evidence that was not before the trial court when it rendered the final judgment. *McCoy v. McCoy*, No. 02-17-00275-CV, 2018 WL 5993547, at *2 (Tex. App.—Fort Worth Nov. 15, 2018, no pet.) (mem. op.). Although the untimely motion for new trial is included in the clerk's record of this case, it was not properly before the trial court; thus, we cannot consider it. *See Duncan v. Educap, Inc.*, No. 01-19-00023-CV, 2020 WL 5048139, at *3 (Tex. App.—Houston [1st Dist.] Aug. 27, 2020, no pet. h.) (mem. op.); *Asset Protection & Sec. Servs. v. Armijo*, 570 S.W.3d 377, 385–86 (Tex. App.—El Paso 2019, no pet.); *ID/Guerra LP, v. Tex. Workforce Comm'n*, 317 S.W.3d 898, 901–03 (Tex. App.—Austin 2010, no pet.). We thus overrule Mother's four issues.

## VI.    Conclusion

Having overruled Mother's four issues, we affirm the trial court's judgment terminating Mother's parental rights. We dismiss Father's appeal for want of jurisdiction.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered:  November 19, 2020

9